IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDERICK BROWN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-0620-D |
| | § | |
| NATHAN T. ANDERSON, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the *Order of Reference*, Doc. 26, the Court now considers *Defendants Nathan T. Anderson and Britton L. Larison's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1)*, Doc. 18. For the reasons that follow, Defendants' motion should be **GRANTED** and all claims against Defendants Nathan T. Anderson and Britton L. Larison should be **DISMISSED**.

## I. BACKGROUND

On March 15, 2010, Plaintiff filed a *pro se* petition in the 95th District Court of Dallas County alleging federal and state claims against Defendant Nationstar Mortgage LLC ("Nationstar") and more than fifteen of its employees related to the foreclosure sale of Plaintiff's property. Doc. 19 at 6-14. On September 1, 2013, Plaintiff was ordered by the state court to submit to arbitration, and after he failed to do so, the court granted Nationstar's motion to dismiss. Doc. 19 at 110-111 (order compelling arbitration); Doc. 19 at 138 (order dismissing for failure to comply with a court order). On November 17, 2015, Plaintiff's appeal of the trial court's dismissal order was dismissed for failure to comply with the appellate court's order on briefing rules. Doc. 19 at 143-146. And on February 12, 2016, the Texas Supreme Court denied Plaintiff's petition for review. Doc. 19 at 148.

On March 4, 2016, Plaintiff filed the *pro se* complaint in this case alleging, *inter alia*, that the various lawyers and entities that successfully defeated his state court wrongful foreclosure lawsuit, and the state and appellate judges and members of their staffs, are part of a criminal enterprise that has violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as other federal and state statutes.  Doc. 3 at *passim*.

In the motion *sub judice*, Defendants Anderson and Larison (hereinafter referred to collectively as "Defendants") move to dismiss pursuant to Rule 12(b)(1), arguing that this suit is barred by the *Rooker-Feldman* doctrine.  Doc. 18 at 15.  Defendants are attorneys who represented Nationstar in the state court proceedings.  Plaintiff responds that the Court has jurisdiction over the RICO action because Defendant Anderson committed "mail and wire fraud to facilitate its criminal behavior, through the mail and wire by use of e-mail, technical media and fraudulent documents served on the before state courts."  Doc. 30 at 2.

## II.  APPLICABLE LAW

Under the *Rooker-Feldman* doctrine,[1] "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates his federal rights."  *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).  "[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts."  *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (citation omitted).  Errors in state cases should be reviewed and settled through the state appellate process.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).

---

[1] This doctrine takes its name from two Supreme Court decisions: *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

2

The *Rooker-Feldman* "jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003) (Fish, C.J.) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)).  Moreover, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale*, 786 F.2d at 691.

## III.  DISCUSSION

Here, Plaintiff's claims all stem from Defendants' actions in the state court proceeding and the appellate proceedings.  Plaintiff argues that "there was no agreement to arbitrate the disput[ed] matter" and that any agreement presented was fraudulent. Doc. 3 at 16.  Plaintiff's contends that the state court judgment "erred in granting the dismissal and default" and that it "should be reversed." Doc. 3 at 13.  While cast as civil rights and constitutional claims, Plaintiff's federal claims are nothing more than an impermissible collateral attack on the dismissal of Plaintiff's state court lawsuit. *See Jordaan*, 275 F. Supp. 2d at 788–89 (when federal action "is nothing more than a thinly veiled attempt to circumvent the state appellate process and to collaterally attack -- in the guise of a federal civil rights action -- the validity of a state court [judgment] and other related orders," lower federal courts lack subject matter jurisdiction over such action).  Accordingly, this Court lacks subject-matter jurisdiction to review Plaintiff's federal claims under the *Rooker-Feldman* doctrine.

To the extent Plaintiff seeks to assert claims under state law against Defendants, the Court should decline to exercise supplemental jurisdiction over such claims, and those claims should be **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1367(c)(3) (district court

"may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction").

### IV.  CONCLUSION

For the foregoing reasons, it is recommended that *Defendants Nathan T. Anderson and Britton L. Larison's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1)*, Doc. 18, be **GRANTED**, that all federal claims against Defendants Anderson and Larison should be **DISMISSED** for lack of subject matter jurisdiction, and that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, which should be **DISMISSED WITHOUT PREJUDICE**.  The Court need not reach *Defendants Nathan T. Anderson and Britton L. Larison's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6)*, Doc. 20, which should be **TERMINATED AS MOOT**.

**SO RECOMMENDED** on June 14, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5