IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FREDERICK BROWN,                         §
                                         §
                        Plaintiff,       §
                                         §   Civil Action No. 3:16-CV-0620-D
VS.                                      §
                                         §
NATHAN T. ANDERSON, et al.,              §
                                         §
                        Defendants.      §

MEMORANDUM OPINION
AND ORDER

Plaintiff Frederick Brown's ("Brown's") *pro se* August 1, 2016 and August 23, 2016

motions to recuse and disqualify under 28 U.S.C. § 144[1] are denied.[2]

---

[1]Brown also moves to recuse under Canons 2 and 3(C)(1) of the Code of Judicial Conduct, but these Canons do not provide a procedural mechanism for filing a recusal motion. Brown's August 23, 2016 motion, *see infra* at note 2, also cites "28 U.S.C. § 1455," which the undersigned assumes is intended to refer to "28 U.S.C. § 455." Although § 455 controls recusal, it is not the proper statute under which to bring a motion to recuse. The correct statute is 28 U.S.C. § 144, and the undersigned will treat Brown's motion as filed under that statute. *See, e.g., Serino v. Florisi*, 2010 WL 2927304, at *1 (D. Nev. July 20, 2010) (discussing procedural distinctions between §§ 144 and 455 ) ("Section 455 contains no procedural requirement and is directed at the judge, not the parties.").

[2]Brown filed his initial motion for recusal on August 1, 2016. On August 23, 2016 he filed a second motion for recusal. As far as the undersigned can determine, the August 23, 2016 motion is identical or substantially identical to the August 1, 2016 motion. The declaration Brown attaches to his August 23, 2016 motion appears to be substantially identical to the declaration he attached to his August 11, 2016 motion to alter or amend judgment or alternatively follow federal rule of civil procedure 28 U.S.C. § 144, which the undersigned addresses below. *See infra* at note 4. Accordingly, because the August 23, 2016 motion does not present any new arguments, the undersigned will refer only to a single "motion," even though this memorandum opinion and order resolves both the August 1, 2016 and August 23, 2016 motions.

I

The undersigned has presided over this case since Brown filed it on March 4, 2016. Among the undersigned's decisions has been the entry of a July 21, 2016 order adopting the June 14, 2016 findings and recommendations of the magistrate judge, and a Fed. R. Civ. P. 54(b) final judgment of the same date dismissing without prejudice for lack of subject matter jurisdiction Brown's claims against two of the defendants in this case. Brown did not initially move to recuse the undersigned until August 1, 2016, almost five months after filing this lawsuit.

Brown contends that the undersigned should recuse in this case under 28 U.S.C. § 455(a) because of a personal bias or prejudice against Brown based on Brown's *pro se* status and the fact that he is elderly and disabled. He contends that the undersigned should also recuse under 28 U.S.C. § 455(b)(1) because the undersigned may have personal knowledge of disputed evidentiary facts concerning the proceeding because the undersigned knows the defendants personally. As evidence of the undersigned's alleged bias and prejudice against Brown and his claims, Brown alleges that the undersigned: allowed the defendants to violate the law by changing the style of the case so that the case cannot be found; changed the nature of Brown's case to 42 U.S.C. § 1983 when Brown filed a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, in a community that is known to be extremely hostile to Brown; changed the docket sheet to change the nature of Brown's lawsuit to facilitate the dismissal of defendants Nathan T. Anderson ("Anderson") and Britton L. Larison ("Larison") because these defendants are not

bound by 42 U.S.C. § 1983; entered a judgment in defendants' favor when the undersigned was on notice that the allegations contained in the pleadings of Anderson and Larison were bogus and had no merit; and found that Brown had failed to demonstrate that there was no viable alternative to serving the defendants by certified mail.

## II

A motion made under 28 U.S.C. § 144 must be timely.  "A timely motion to recuse is one filed 'at the earliest moment after knowledge of the facts demonstrating the basis' for recusal."  *In re Katrina Canal Breaches Litig.*, 351 Fed. Appx. 938, 944 (5th Cir. 2009) (per curiam) (quoting *Travelers Ins. Co. v. Liljeberg Enters., Inc*., 38 F.3d 1404, 1410 (5th Cir. 1994)).  A party must exercise reasonable diligence in filing an affidavit after discovering the facts showing bias, and the affiant bears the burden of showing good cause for any delay.  *See Tex. Tech Univ. v. Spiegelberg*, 2006 WL 3591606, at *1 (N.D. Tex. Dec. 11, 2006) (Fitzwater, J.).  "Although there is no per se untimeliness, the 'most egregious delay' occurs when a party knows the facts and circumstances that would lead to disqualification of the judge but does not raise the issue of recusal until after the judge makes an adverse decision."  *Hill v. Breazeale*, 197 Fed. Appx. 331, 335 (5th Cir. 2006) (per curiam) (citing *United States v. Sanford*, 157 F.3d 987, 988 (5th Cir. 1998)).

Not only must a § 144 motion be timely, but the affidavit must allege facts that, assumed to be true, show that "the alleged bias [is] personal, as distinguished from judicial, in nature.  A motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case."  *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007)

(internal quotation marks, brackets, and footnotes omitted). "Under § 144 the judge whose impartiality is being questioned must determine the legal sufficiency and timeliness of the affidavit but cannot rule on the substance of the matter alleged." *Hill*, 197 Fed. Appx. at 335 (citing *United States v. Miranne*, 688 F.2d 980, 984-85 (5th Cir. 1982)). "A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003).

III

The undersigned first holds that Brown's motion to recuse is untimely. Although the undersigned cannot rule on the substance of the matters Brown has alleged, the undersigned must determine the legal sufficiency and timeliness of Brown's declaration.[3]

Brown did not file his motion until almost five months after filing this lawsuit, and after the undersigned had already dismissed part of the lawsuit. He does not explain why he failed to move for recusal until after almost five months of litigation. The undersigned finds that Brown failed to file his motion at the earliest moment after obtaining knowledge of the facts demonstrating the basis for recusal, and the motion is therefore denied as untimely.

---

[3]Although 28 U.S.C. § 144 refers to an affidavit, 28 U.S.C. § 1746 permits Brown to support his motion with an unsworn declaration made under penalty of perjury.

- 4 -

IV

The undersigned holds, second, that, even if Brown's motion and declaration are considered timely, the motion must be denied because Brown's declaration is legally insufficient.  To warrant recusal under § 144, alleged bias must be personal, as distinguished from judicial, in nature.  Brown avers in his declaration that

> Judge Fitzwater biased and prejudice against the plaintiff and his claims.  The bias and prejudice is clearly revealed by (a) particular findings that are set July 14, 2016, July 19, 2016[,] July 21, 2016, July 22, 2016[,] and July 21, 2016 where the Judge Fitzwater dismiss Plaintiff claims pursuant to Rule 54(a) and (b) Judge Fitzwater completely unjustifiable decision to dismiss the claim without prejudice pursuant to Rule 54(a) when judge Fitzwater changed the nature of the Plaintiff case to 42 U.S. Code 1983, when the Plaintiff filed a RICO complaint which is 18 U.S. Code 1961-1968 in a community that is known by Judge Fitzwater to be extremely hostile to the Plaintiff.

Brown Aug. 1, 2016 Decl. 5.  Brown's complaint relates to judicial bias, because Brown is complaining of the alleged decision to treat his RICO claims as claims brought under 42 U.S.C. § 1983, and to dismiss his claims against defendants Anderson and Larison.  Brown avers in his declaration that the undersigned is personally biased against him because of his *pro se* status and the fact that Brown is elderly and disabled, and because the undersigned knows the defendants personally.  But his allegations are conclusory and do not state material facts with particularity.  What he actually appears to be relying on is his dissatisfaction with the undersigned's rulings in this case.  But "[a]dverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *Scroggins*, 485 F.3d

at 830.  Brown has made neither showing.  His declaration is therefore legally insufficient to warrant recusal.[4]

And even if the declaration were deemed sufficient, Brown's motion must still be denied as untimely.  The undersigned would have known on or about the date Brown filed suit on March 4, 2016 that he was proceeding *pro se*, is elderly, and is disabled, because these facts can be gleaned from the complaint.  *See* Compl. at 7-8 (alleging that Brown is "an elder disabled individual") & 29 (*pro se* signature).  And assuming the undersigned actually knows the defendants personally, this would have been true when the suit was filed on March 4, 2016, and Brown has not shown that he only became aware of this fact after filing suit and then exercised reasonable diligence in filing his motion to recuse.

\* \* \*

Because Brown's motion and declaration are both untimely and legally insufficient under § 144, the undersigned is not required to recuse or to refer this matter to another judge. *See Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990). Brown's August 1, 2016 motion for recusal and to disqualify and his August 23, 2016 motion

---

[4]On August 11, 2016 Brown filed a motion to alter or amend judgment or alternatively follow federal rule of civil procedure 28 U.S.C. § 144, to which he attached a copy of his declaration, adding references to Rule 59(e).  The undersigned has reviewed the content of the declaration filed on August 11, 2016 and does not find anything that would change the undersigned's decision.  Brown's motion to alter or amend is not yet ripe and will be decided in due course.

for recusal and to disqualify are denied.

**SO ORDERED**.

August 25, 2016.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE