IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDERICK BROWN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-0620-D-BK |
| | § | |
| NATHAN T. ANDERSON, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMANDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this action alleging racketeering, the Court now considers the remaining Defendants'[1] motions to dismiss, Doc. 7; Doc. 9; Doc. 11; Doc. 13; Doc. 23. For the reasons that follow, it is recommended that Defendants' motions to dismiss be **GRANTED**, all federal claims against Defendants be **DISMISSED WITH PREJUDICE**, and all state law claims be **DISMISSED WITHOUT PREJUDICE.**

**BACKGROUND**

In March 2010, Plaintiff filed a *pro se* petition in the 95th District Court of Dallas County, alleging federal and state claims against Defendant Nationstar Mortgage LLC ("Nationstar") and several of its employees in connection with the foreclosure sale of Plaintiff's property. Doc. 10 at 5-13. Ultimately, in September 2014, the state trial court granted Nationstar's motion to dismiss and dismissed all of Plaintiff's claims with prejudice. Doc. 10 at 16-17. In November 2015, the state appellate court dismissed Plaintiff's subsequent appeal when he failed to comply with the court's order on briefing. Doc. 10 at 20-21. The Texas

---

[1] Several other defendants already have been dismissed from the suit. Doc. 59; Doc. 81; Doc. 84; Doc. 96; Doc. 97.

Supreme Court denied Plaintiff's petition for review of the appellate court's order of dismissal. Doc. 12 at 146.

This lawsuit followed in March 2016.² In his *pro se* complaint, Plaintiff alleged, *inter alia*, that the various lawyers and entities that defeated his state court lawsuit, as well as the state and appellate judges and other court employees, are part of a criminal enterprise that has violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and various federal and state laws. Doc. 3 at *passim*. He contends that the judgment entered by the state courts "should be reversed" and that he should be awarded monetary damages on his RICO and fraud claims. Doc. 3 at 13, 23-25, 28.

In the motions now under consideration, Defendants seek the dismissal of Plaintiff's complaint pursuant to Rule 12(b)(1), arguing, *inter alia*, that this suit is barred by the *Rooker-Feldman* doctrine.³ Doc. 7 at 3-4; Doc. 9 at 1-2, 5; Doc. 11 at 7, 14-18; Doc. 23 at 18-19. Where, as here, a Rule 12(b)(1) motion to dismiss for lack of jurisdiction is filed in conjunction with other Rule 12 motions, the court considers the Rule 12(b)(1) jurisdictional attack first. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## APPLICABLE LAW

Under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates his federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). "[F]ederal district courts, as

---

² The operative complaint is the one filed March 4, 2016. Doc. 3. Although Plaintiff filed an amended complaint, Doc. 94, he neither moved for leave to do so nor obtained Defendants' consent as required by Rule 15(a)(3).
³ This doctrine takes its name from two Supreme Court decisions: *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (citation omitted). Errors in state cases should be reviewed and settled through the state appellate process. *Rooker*, 263 U.S. at 415.

The *Rooker-Feldman* "jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those decisions which are "'inextricably intertwined' with questions of the validity of the state court's decree [and] questions reviewable in the state system." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). In a wrongful foreclosure action, claims deriving from a challenge to the foreclosure order are "inextricably intertwined with the state court's grant or denial of relief." *Id.*

A key component to consider in the *Rooker-Feldman* context is the relief requested by the plaintiff. *Compare Truong v. Bank of Am., N.A.,* 717 F.3d 377, 383 (5th Cir. 2013) (holding that the plaintiff's state unfair-trade-practice claims were independent of a state foreclosure judgment because the plaintiff "did not seek to overturn the state-court judgment, and the damages she requested were for injuries caused by the [defendants'] actions, not injuries arising from the foreclosure judgment") and *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 391 (5th Cir. 2012) (finding that *Rooker–Feldman* does not bar a claim that the state-court plaintiffs' lawyers obtained a settlement judgment through fraudulent misrepresentations), with *Hale*, 786 F.2d at 690-91 (holding that *Rooker-Feldman* bar applied where much of the relief sought by the plaintiff was a modification of a state court order) and *Morris v. Am. Home Mortg. Serv., Inc.,* 443 Fed. Appx. 22, 24 (5th Cir.2011) (per curiam) (holding that the plaintiff's claims for unlawful debt-collection practices in connection with a state foreclosure judgment were barred by *Rooker–Feldman* "because, crucially, the only relief [the plaintiff] sought was the setting

aside of the state foreclosure judgment and staying of the execution of the writ of possession," which "demonstrate[d] that [the plaintiff's] injuries arose from the state court judgments").

An additional consideration for the court performing a *Rooker-Feldman* analysis is the source of the federal plaintiff's alleged injury. *Truong*, 717 F.3d at 382.

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.

*Id.* at 382-83 (quotation omitted).

### A. *Rooker-Feldman Bar*

Plaintiff's claims in this case stem from Defendants' actions during the trial court and appellate proceedings. To the extent that Plaintiff contends the state court "erred in granting the dismissal and default" and "should be reversed," such claims are barred by *Rooker-Feldman*, and this Court lacks subject-matter jurisdiction to review them. *See* Doc. 3 at 13, 18; *Hale*, 786 F.2d at 690-91. Thus, Defendants' motions to dismiss pursuant to Rule 12(b)(1) should be **GRANTED**. Doc. 7 at 3-4; Doc. 9 at 1-2, 5; Doc. 11; Doc. 23 at 18-19.

### B. *Request for Monetary Damages*

Insofar as Plaintiff requests an award of monetary damages based on Defendants' alleged RICO violations, the claims are not automatically barred by *Rooker-Feldman*. *Truong,* 717 F.3d at 383; *Guy*, 682 F.3d at 391. Thus, the standard Rule 12(b)(6) analysis applies. As set forth below, Plaintiff's complaint fails to state a claim against any of the Defendants.

The remaining state court parties are: (1) Phillip White, Chief Clerk of the 95th Civil District Court of Dallas County; (2) Nationstar and Ronny Lee Fountain, senior vice president of Nationstar; (3) Theodore J. Riney, an attorney for Nationstar who opposed Brown in the

underlying state proceedings; and (4) Fifth District Court of Appeals Justices Elizabeth Lang-Miers, Bill Whitehill, David Evans and Court Clerk Lisa Matz (collectively, "Judicial Officials").[4] The causes of action against the remaining Defendants are addressed in turn.

    a. Claims Against Judicial Officials

Plaintiff's lawsuit against the justices and court clerk cannot succeed and it must be dismissed on the basis of absolute immunity. *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (court clerks have "absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion"); *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) (explaining that judges have absolute immunity arising out of acts performed in the exercise of their judicial functions, even when the judge has acted erroneously or with a malicious motive). Accordingly, Plaintiff's suit against these Defendants should be **DISMISSED WITH PREJUDICE**. The Judicial Officials' request for attorneys' fees under 42 U.S.C. 1988 should be **DENIED**, however, because that statute does not apply to the causes of action raised in this lawsuit.

    b. RICO Claims Against Nationstar and Fountain

RICO creates a civil cause of action for "'[a]ny person injured in his business or property by reason of a violation of section 1962.'" *Beck v. Prupis*, 529 U.S. 494, 495 (2000) (quoting 18 U.S.C. § 1964(c)). Plaintiff alleges that Defendants violated 18 U.S.C. §§ 1962(a)-(d). *See* Doc. 3 at 20-25. "Under all those subsections, to state a RICO claim, there must be: '(1) a person who engages in (2) a *pattern of racketeering activity* (3) connected to the acquisition, establishment, conduct, or control of an *enterprise*.'" *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425,

---

[4] Plaintiff also named as a Defendant the Walnut Land Trust, but that entity appears not to have been served and has not appeared in this case.

439 (5th Cir. 2000) (quoting *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988) (emphasis in original)).

An enterprise is "any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). To establish the existence of an enterprise, the plaintiff must plead that there is "evidence of an ongoing organization, formal or informal, and . . . evidence that the various associates function as a continuing unit." *Atkinson v. Anadarko Bank & Trust Co.*, 808 F.2d 438 (5th Cir. 1987) (quotation omitted). An entity must be separate and apart from the pattern of activity in which it engages. *Id.* at 441 (citation omitted). A plaintiff must plead specific facts that establish that the association exists for purposes other than to simply commit the predicate acts. *Elliot v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989).

Plaintiff has pled no facts that suggest, let alone establish, the existence of either a legal or association in fact enterprise. He failed to plead that Defendants are an ongoing organization separate and apart from the alleged racketeering activities. *Atkinson*, 808 F.2d at 441. He could not prevail on that point because, taking his allegations as true, the "organization" in question was formed solely for the alleged purpose of violating his rights in the underlying state court proceedings. Moreover, Plaintiff did not plead that the nature of the alleged acts supported a continuing unit. *Delta Truck*, 855 F.2d at 243. Indeed, he could not plausibly do so because the activity complained of relates to a single course of conduct during the underlying state proceedings. Accordingly, Plaintiff's RICO claims should be **DISMISSED WITH PREJUDICE**.

c. Theodore Riney

An attorney has qualified immunity from civil liability with respect to the claims of non-clients for actions taken in connection with representing a client. *Troice v. Proskauer Rose, LLP*, 816 F.3d 341, 349 (5th Cir. 2016) (citing *Cantey Hanger LLP v. Byrd*, 467 S.W.3d 477, 482 (Tex. 2015)). An attorney cannot be held liable to an opponent for conduct that requires "the office, professional training, skill, and authority of an attorney." *Taco Bell Corp. v. Cracken,* 939 F. Supp. 528, 532 (N.D. Tex. 1996) (Fitzwater, J.). Because Plaintiff merely complains of Riney's conduct in the legal representation of his client, Nationstar Mortgage, Defendant Riney's actions in this case meet the requirements for the application of qualified immunity. Therefore, Defendant Riney's motion to dismiss pursuant to Rule 12(b)(6), Doc. 13, should be **GRANTED**.[5]

d. Mail and Wire Fraud Claims

Plaintiff additionally argues that Defendants committed mail fraud, wire fraud, and theft as defined in criminal law statutes 18 U.S.C. §§ 666, 1341, and 1343. Doc. 3 at 25-26, 28. Criminal statutes, however, do not create a private right of action unless there is "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975). There is no such basis in this case. In fact, the Court of Appeals for the Fifth Circuit has held that no private cause of action is permitted under the mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343. *Napper v. Anderson*, 500 F.2d 634, 636 (5th Cir. 1974). As such, Plaintiff's claims brought under 18 U.S.C. §§ 666, 1341, and 1343 should be **DISMISSED WITH PREJUDICE**.

---

[5] Defendant Riney also filed a separate motion to dismiss pursuant to Rule 12(b)(1), relying on *Rooker-Feldman*, Doc. 11. The undersigned has recommended that the motion also be granted. *Supra* at page 4.

e. State Law Claims

In addition to the above, Plaintiff raised a host of other state common law and statutory claims against Defendants, including fraud, negligent misrepresentation, violation of the Texas Deceptive Trade Practices Act, and the Texas Debt Collection Act. Upon review, none require the application of federal law. Thus, the Court should decline to exercise supplemental jurisdiction over such claims, and they should be **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1367(c)(3) (district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction").

## LEAVE TO AMEND

Although a court may dismiss a claim that fails to meet the pleading requirements, "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Here, the defects in Plaintiff's complaint are, as outlined above, simply incurable. Also, a review of Plaintiff's purported First Amended Complaint, Doc. 94, reveals that it is just as infirm. Although Plaintiff's purported First Amended Complaint was filed <u>after</u> Defendants' motions to dismiss, it fails to remediate any of the deficiencies noted in Defendants' motions. Under these circumstances, granting leave to amend is futile, and the Court is under no obligation to do so.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Defendants' motions to dismiss**,** Doc. 7; Doc. 9; Doc. 11; Doc. 13; Doc. 23, be **GRANTED**, all federal claims against Defendants be

8

**DISMISSED WITH PREJUDICE**, and all state law claims be **DISMISSED WITHOUT PREJUDICE**.

 **SIGNED** October 4, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

 A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* [28 U.S.C. § 636(b)(1)](); [FED. R. CIV. P. 72(b)](). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* [*Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)]().

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE